LUTHER v. STANDARD LIGHT, HEAT & POWER CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

Appeal from Trial Term, Otsego County.

Action by Maude A. Luther, as administratrix, etc., against the Standard Light, Heat & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hinman, Howard & Kattell (T. B. Kattell, of counsel), for appellant.

C. H. Seeley (C. L. Andrus, of counsel), for respondent.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

PER CURIAM. Judgment and order affirmed, with costs. All concur, except SMITH, P. J., dissenting in opinion.

SMITH, P. J. (dissenting). The case was first submitted to the jury upon the question as to whether the acts of Allen, the superintendent, were such as he in the exercise of reasonable care would have reason to believe might be misunderstood by Robinson, thereby causing Robinson to turn on the electric current. The jury retired under this charge and came in for further instruction. At this time the trial

court changed the theory of the case, and allowed the plaintiff to recover only upon proof that Allen, the superintendent, did in fact direct Robinson to turn the current on. The jury is therefore presumed to have found this as a fact, and to have based its verdict thereupon. It seems that Allen's house was about 150 feet from this power plant. At this power plant above one of the doors was a gong. Whenever the telephone rang, this gong started ringing, and continued ringing until the telephone was answered and the gong was turned off. This gong had been ringing for some time, when Allen went out upon his stoop and called to Robinson, in charge of the power plant, to attend to the telephone. Robinson swears that he did not hear anything that Allen said, but that he answered back, "They phone." To this Allen nodded his head. Robinson thereupon went to the telephone, and took off the receiver, and got no response, whereupon he went to the switchboard and turned on the current of electricity which caused the death of plaintiff's intestate. Had Allen heard what was said by Robinson, he had the right to assume that Robinson was simply repeating the injunction which Allen had given to him to attend to the phone, and to that he might naturally nod his head. In his motion in nodding his head in response to these words, under the circumstances of the case, there is clearly no evidence of direction on his part to turn on the current. Against this mere suggestion of proof, which stands alone in support of this verdict, is Allen's explicit testimony as to what directions he gave to Robinson. There is also the corroborative fact that Robinson went at once to the telephone, to which the gong had already summoned him; and stronger still is the inherent improbability that Allen should direct Robinson to turn on the current without any word whatever from the men who were working upon the line that the work was finished. Not only is the finding of the jury upon this question against the weight of evidence, but it is entirely without evidence. Upon this finding of fact, however, the defendant has been charged with the judgment in this action.

Plaintiff, in my judgment, has further difficulty in the merits of her case. The trial judge properly held that there was no question for the jury upon the promulgation of proper rules. Robinson, the man whose acts caused the death of plaintiff's intestate, understood the rule that the electricity was not to be turned on until the workmen had telephoned in that they were through with the work upon the line. Such a rule would seem to be all that was necessary in the exercise of reasonable care. The accident was in fact the result of Robinson's negligence. The company had no reason to anticipate that Robinson, without explicit instruction, would turn on this electricity, in the absence of notification that the men were through with their work upon the line.

Nor, in my judgment, is there any case made for the jury upon the negligence of Allen, the superintendent. The gong, which continued ringing until the telephone was answered, had been ringing for some time. It was natural for the superintendent to come out of his house and notify Robinson, who had charge of the works, to attend to the telephone. This he might naturally do by pointing his hand up, as the gong was above Robinson's head over the door of the engine

room. After he had called to Robinson to attend to the phone, if Robinson had answered 'back, "They phone," he might well have assumed, as before indicated, that he was simply repeating the injunction that he had just given to him to attend to the phone. To hold that in making this assumption Allen did not exercise reasonable care is to hold the defendant to a stricter rule of care than the law prescribes, and makes the defendant either an insurer of the safety of its employés or responsible for the negligent acts of Robinson. Upon the merits, therefore, I am of the opinion that no cause of action has been proven.